IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH RAY WILLIAMS,

                Plaintiff,         Civil No. 06-927-TC

             v.              FINDINGS AND
                             RECOMMENDATION,

JON MARTZ,

                Defendant.

COFFIN, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#4) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed without service of process on the ground that it fails to state a claim and is frivolous.

    A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324

1 - FINDINGS AND RECOMMENDATION

(1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989).  A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting <u>Hishon v. King Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989).  In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. <u>Tanner</u>, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>see also</u>, <u>Lopez</u>, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. <u>McGuckin</u>,

974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge</u> <u>v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987)   A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.   <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir. 1987).

Plaintiff is apparently seeking to discharge an attorney that is representing him in "Multnomah County Case 05-05-33005."

In order to state a claim cognizable under 42 U.S.C. § 1983, plaintiff must establish that the conduct alleged to have violated his constitutional rights was "state action" or taken "under color of state law." <u>See</u>, <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982); <u>Lopez v. Department of Health Services</u>, 939 F.2d 881,(9th Cir. 1991).

Generally, private parties do not act under color of state law.  <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).  Specifically, public defenders, acting in their role as advocates, are not acting under color of state law for purposes of 42 U.S.C. § 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 319-322 (1981).

In this case, plaintiff's claim that his attorney is not adequately representing him fails to state a claim cognizable

under 42 U.S.C. § 1983.  A  request to discharge plaintiff's

defense attorney should be made in the court in which the

proceeding is pending.

This action should be dismissed (with prejudice) for lack

of jurisdiction and failure to state a claim.

DATED this ___ day of August, 2006.

Thomas M. Coffin
United States Magistrate Judge